UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CRISTI DIVISION

United States District Court
Southern District of Texas
FILED

FEB - 2 2000

MICHAEL N. MILBY CLERK

CHAD EVERETTE SINGLETON          *
         -THE PLAINTIFF-

-V-                               *

MELVIN BRADSHAW AND NORRIS        *    CAUSE NO. C-00-045
JACKSON, SUED IN THE INDIVIDUAL
CAPACITIES; AND S. SCHUMACKER, SUED
IN HIS/HER OFFICIAL AND INDIVIDUAL *
CAPACITIES

         -THE DEFENDANTS-         *

## COMPLAINT

### PRELIMINARY STATEMENT

1. THIS IS A CIVIL RIGHTS ACTION FILED BY, CHAD E. SINGLETON, A STATE PRISONER, FOR DAMAGES AND INJUNCTIVE RELIEF UNDER 42 U.S.C. §1983 ALLEGING AN ILLEGAL DISCIPLINARY CONVICTION IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

### JURISDICTION

2. THE COURT HAS JURISDICTION OVER THE PLAINTIFF'S CLAIMS OF VIOLATIONS OF FEDERAL CONSTITUTIONAL RIGHTS UNDER 42 U.S.C §§ 1331(a) AND 1343.

PG 1 OF 8 PP

1.

## Parties

3. The Plaintiff, Chad E. Singleton, was incarcerated at the William G. McConnell Unit ("McConnell") and housed in administrative segregation ("Ad Seg") during the events described in this complaint.

4. Defendant Melvin Bradshaw was a correctional captain at McConnell and was responsible for conducting disciplinary hearings for prisoners accused of breaking prison rules. It has come to the Plaintiff's knowledge that Defendant Bradshaw has been transferred and is now working on another unit. He is sued in his individual capacity.

5. Defendant Norris Jackson is a correctional major in charge of operations in Ad Seg at McConnell. Defendant Jackson reviewed the Plaintiff's step one administrative appeal of his disciplinary conviction. He is sued in his individual capacity.

6. Defendant S. Schumacker works in the Regional Directors office for the region where McConnell is located and he/she reviewed the Plaintiff's step two administrative appeal of his disciplinary conviction. Defendant Schumacker's first name is presently unknown to the Plaintiff. He/she is sued in his/her official and individual capacities.

7. All of the defendants have acted and continue to act under color of state law at all times relevant to this complaint.

PG 2 of 8 pp.

## FACTS OF THE CASE

8. On or about October 23, 1999 the Plaintiff's housing area was placed on administrative lock-down ("lock-down").

9. Whenever a lock-down is instituted the prison diet is initially changed from hot meals served on trays to sandwiches (with prunes or raisins) served in paper bags called "Johnnies" or "Johnny Sacks".

10. October 24, 1999 while the officers were distributing the Johnny sacks the Plaintiff was ordered by Correctional Officer L. Guitierrez to go to the rear of his cell and kneel down facing the wall with his hands placed behind his back in order to recieve the Johnny.

11. The Plaintiff told Officer Guitierrez that he would not kneel down because his cell door was equipped with a food tray slot and the lock-down schedule sheet as well as TDCJ-ID policy states that prisoners will have to kneel only if their cell doors are not equipped with food tray slots.

12. Officer Guitierrez again ordered the Plaintiff to kneel down and, again, the Plaintiff refused.

13. At that point Officer Guitierrez called the officer who was stationed in the Pickett control and instructed him to document in the lock-down daily activity log that the Plaintiff had refused to accept his meal.

14. Officer Guitierrez also wrote a disciplinary report against the Plaintiff for refusing to obey orders.

PG. 3 OF 8 PP.

15. THE PLAINTIFF WENT TO A DISCIPLINARY HEARING ON THE REFUSING TO OBEY ORDERS CASE ON OCTOBER 29, 1999. DEFENDANT BRADSHAW PRESIDED OVER THE HEARING AND THE PLAINTIFF WAS ASSISTED IN HIS DEFENSE BY COUNSEL SUBSTITUTE TAMMY BUTTON.

16. THE PLAINTIFF TOOK TWO LINES OF DEFENSE AT THE HEARING:

(A) AS A PRIMARY DEFENSE THE PLAINTIFF ARGUED THAT TDCJ-ID RULES AND REGULATIONS STATE THAT PRISONERS ARE OBLIGATED TO FOLLOW <u>LEGITIMATE</u> ORDERS FROM STAFF AND, SINCE THE CHARGING OFFICER'S ORDERS WERE CONTRARY TO TDCJ-ID LOCK-DOWN POLICY, THE PLAINTIFF WAS UNDER NO OBLIGATION TO FOLLOW THE ORDER. THE PLAINTIFF'S COUNSEL SUBSTITUTE READ THE LOCK-DOWN SCHEDULE SHEET WHEREIN THE LOCK-DOWN FEEDING PROCEDURES ARE OUTLINED AND WHICH STATES THAT <u>"IF THE CELL DOOR IS NOT EQUIPPED WITH A FOOD TRAY SLOT THEN PRISONERS WILL HAVE TO KNEEL DOWN FACING THE WALL TO RECIEVE THEIR MEAL"</u>. THIS WAS DONE TO ILLUSTRATE THE PLAINTIFF'S POINT ABOUT THE OFFICER'S ORDERS BEING CONTRARY TO POLICY AND THEREFORE ILLEGITIMATE.; AND

(B) IN THE ALTERNATIVE, THE PLAINTIFF ARGUED THAT, EVEN IF THE "KNEEL DOWN" FEEDING PROCEDURE WAS CORRECTLY ENFORCED, THE PLAINTIFF'S MERE REFUSAL TO KNEEL DID NOT CONSTITUTE A RULE VIOLATION BUT RATHER A REFUSAL TO ACCEPT THE MEAL. DEFENDANT BRADSHAW ACKNOWLEDGED ON THE RECORD THAT PRISONERS CANNOT BE PUNISHED FOR REFUSING TO EAT.

17. NEVERTHELESS, DEFENDANT BRADSHAW FOUND THE PLAINTIFF GUILTY ON THE OFFICER'S REPORT AND ON THE PLAINTIFF'S ADMISSION THAT HE DID NOT FOLLOW THE OFFICER'S ORDER.

PG. <u>4</u> OF <u>8</u> PP.

18. THE PLAINTIFF FILED A STEP ONE GRIEVANCE APPEALING THE DISCIPLINARY CONVICTION ARGUING (AMONG OTHER THINGS):

   (A) THAT HE DOES NOT HAVE TO FOLLOW ILLEGITIMATE ORDERS FROM STAFF AND THEREFORE SHOULD NOT HAVE BEEN CONVICTED; AND

   (B) THAT HE DOES NOT HAVE TO ACCEPT THE FOOD OFFERRED TO HIM AND THAT HE COULD NOT BE PUNISHED FOR REFUSING TO EAT.

19. DEFENDANT JACKSON AFFIRMED THE PLAINTIFF'S DISCIPLINARY CONVICTION STATING:

   "DISCIPLINARY CASE #20000064406 HAS BEEN REVIEWED AND NO PROCEDURAL ERRORS WERE IDENTIFIED. IT APPEARS THAT THERE WAS SUFFICIENT EVIDENCE TO SUPPORT A GUILTY VERDICT. THE PUNISHMENT IMPOSED WAS WITHIN ESTABLISH GUIDELINES; THEREFORE THERE IS NO VALID REASON TO WARRANT OVERTURNING THIS CASE."

20. THE PLAINTIFF THEREAFTER FILED A STEP TWO GRIEVANCE APPEALING THE DECISION FROM THE STEP ONE GRIEVANCE ARGUING:

   (A) THAT THE DENIAL OF THE STEP ONE IGNORED THE FACT THAT THE PLAINTIFF COULD ONLY BE WRITTEN UP FOR REFUSING TO OBEY ORDERS UNDER CERTAIN CIRCUMSTANCES WHICH WERE NOT, AND COULD NOT HAVE BEEN, ATTENDANT TO THE PLAINTIFFS CASE; AND

   (B) THE GRIEVANCE OFFICER ERRED IN FINDING THAT HE COULD NOT IDENTIFY ANY PROCEDURAL ERRORS WHEN THE PLAINTIFF PLACED THOSE ERRORS DIRECTLY BEFORE HIM.

21. DEFENDANT SCHUMACKER UPHELD THE DECISION RENDERED ON THE STEP ONE STATING (IN PERTINENT PART):

   "MAJOR DISCIPLINARY CASE #20000064406 WAS REVIEWED.... EVIDENCE PRESENTED AT THE HEARING REVEALED THAT THE ORDER GIVEN WAS IN

COMPLIANCE WITH LOCK-DOWN PROCEDURES. THE DECISION OF THE HEARING OFFICER SHALL STAND AS RENDERED"

## CLAIMS FOR RELIEF

22. THE ACTIONS OF DEFENDANT BRADSHAW IN FINDING THE PLAINTIFF GUILTY OF REFUSING TO OBEY ORDERS WHEN IT WAS CLEARLY DEMONSTRATED TO HIM THAT THE CHARGING OFFICER'S ORDERS WERE CONTRARY TO TDCJ-ID POLICY, INTERFERED WITH THE PLAINTIFF'S STATE CREATED LIBERTY INTEREST TO BE FREE OF DISCIPLINARY CONVICTIONS AND PUNISHMENTS FOR REFUSING TO OBEY ORDERS WHERE THOSE ORDERS ARE ILLEGITIMATE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

23. THE ACTIONS OF DEFENDANT BRADSHAW IN FINDING THE PLAINTIFF GUILTY OF REFUSING TO OBEY ORDERS WHEN IT WAS CLEARLY DEMONSTRATED TO HIM THAT, EVEN IF THE ORDERS GIVEN WERE NOT CONTRARY TO POLICY, THE PLAINTIFF'S FAILURE TO FOLLOW THEM CONSTITUTED ONLY A REFUSAL TO ACCEPT THE MEAL INTERFERED WITH THE PLAINTIFF'S STATE CREATED LIBERTY INTEREST TO BE FREE OF DISCIPLINARY CONVICTIONS AND PUNISHMENTS FOR SIMPLY REFUSING TO KNEEL DOWN AND FACE THE WALL IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

24. THE ACTIONS OF DEFENDANTS JACKSON AND SCHUMACKER IN REFUSING TO OVERTURN THE PLAINTIFF'S DISCIPLINARY CONVICTION, DESPITE THEIR KNOWLEDGE OF THE ABOVE DESCRIBED DUE PROCESS VIOLATIONS, CONSTITUTED DELIBERATE INDIFFERENCE AND FURTHER DENIED THE PLAINTIFF DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

## Relief Sought

Wherefore, the Plaintiff respectfully requests that the Court grant him the following relief:

A. Issue a declaratory judgment stating that:
Defendant Bradshaw's finding of guilt at the Plaintiff's disciplinary hearing, and Defendants Jackson and Schumacker's actions in sustaining it, violated the Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

B. Issue an injunction ordering Defendant Schumacker to:
Expunge the disciplinary conviction described in this complaint from the Plaintiff's institutional record.

C. Award compensatory damages in the following amount:
$10,000 jointly and severally against Defendants Bradshaw, Jackson and Schumacker for the direct and collateral punishments suffered and the emotional injury resulting from their denial procedural due process in connection with the Plaintiff's disciplinary conviction and for the costs incurred in the filing and prosecution of this suit at law.

D. Award punitive damages in the following amounts:
$1,000 each against Defendants Bradshaw, Jackson and Schumacker.

E. Award and grant such other relief as it may appear the Plaintiff is entitled.

SIGNED THIS 27 DAY OF January 2000.

RESPECTFULLY SUBMITTED,

*Chad E. Singleton*
CHAD E. SINGLETON PLAINTIFF PRO SE
#685670
McCONNELL UNIT
3001 S. EMILY DR.
BEEVILLE, TEXAS 78102

I DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE AND FOREGOING STATEMENTS AND ALLEGATIONS OF FACT ARE TRUE AND CORRECT.

DATE: 1-27-00

*Chad E. Singleton*
CHAD E. SINGLETON, PLAINTIFF, PRO SE

PG. 8 OF 8 PP.