```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                       CORPUS CHRISTI DIVISION

CHAD E. SINGLETON                    §
                                     §
V.                                   §      C.A. NO. C-00-45
                                     §
MELVIN BRADSHAW, ET AL.              §
```

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS PLAINTIFF'S CLAIMS

Proceeding *pro se* and *in forma pauperis*, plaintiff filed his complaint (D.E. 1) alleging violations of the due process clause of the Fourteenth Amendment in connection with a prison disciplinary conviction. Plaintiff brings suit against Melvin Bradshaw and Norris Jackson, both employees of the McConnell Unit, Texas Department of Criminal Justice - Institutional Division. In addition, plaintiff brings suit against S. Schumacker, Regional Director, TDCJ-ID. Plaintiff seeks a declaratory judgment that the actions of the defendants violated his due process rights and an injunction ordering expungement of his disciplinary conviction. He also seeks $10,000 in compensatory damages from all defendants and $1000 in punitive damages from each individual defendant.

For the reasons discussed below, it is recommended that plaintiff's claims be dismissed for failure to state a claim upon which relief can be granted.

### I. JURISDICTION

The Court has federal question jurisdiction. 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

Plaintiff contends that, on October 23, 1999, a corrections officer named Officer Gutierrez charged him with a disciplinary infraction for refusing to face the back wall of his cell and kneel while a meal was being placed through his food slot during a lockdown of the prison. Plaintiff asserts that the officer's order was not in line with TDCJ policy which does not require the prisoner to kneel if the cell has a food slot that permits an delivery of a meal without opening the door. In the alternative, he asserts that he cannot be punished for refusing to eat. Nevertheless, at a disciplinary hearing on October 29, 1999, Defendant Bradshaw found plaintiff guilty based on the report of Officer Gutierrez and on plaintiff's admission that he did not follow the officer's order. Plaintiff filed a Step 1 grievance appealing Bradshaw's finding. This appeal was reviewed and affirmed by Defendant Jackson. Plaintiff filed a Step 2 grievance. This final grievance was reviewed and affirmed by Defendant Schumacker. Plaintiff does not state what punishment was imposed, or whether he lost good time as a result of the conviction.

## III. DISCUSSION

A. In Forma Pauperis screening

"The federal *in forma pauperis* statute enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that

2

indigent litigants have meaningful access to the federal courts." <u>Neitzke v. Williams</u>, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989) (citing <u>Adkins v. E.I. DuPont de Nemours & Co.</u> 335 U.S. 331, 342-43, 69 S. Ct. 85, 90-91 (1948)). The *in forma pauperis* statute provides that the Court shall dismiss the case if the Court determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). A pleading fails to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) when the claimant can prove no set of facts entitling him to relief. <u>Lowrey v. Texas A & M Univ. Sys.</u>, 117 F.3d 242, 247 (5th Cir. 1997).

**B. Due process claim**

Plaintiff files his claim under 42 U.S.C. § 1983, which permits recovery of damages for a violation of constitutional rights. Since § 1983 is a more general statute than the habeas corpus statutes, it is unavailable as an avenue for challenging the legality of an individual's confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489, 93 S. Ct. 1827, 1836 (1973). While plaintiff complains of a disciplinary conviction that he seeks to have expunged, he does not articulate for the Court the punishment he received. Specifically, he does not disclose whether he lost good-time credits as a result of the conviction. In either case plaintiff has failed to allege a cognizable claim under § 1983.

3

If plaintiff's punishment did not include a loss of good-time credits, the defendants cannot be liable under § 1983. Due process protections do not attach to ordinary prison disciplinary cases. <u>Sandin v. Conner</u>, 515 U.S. 472, 115 S. Ct. 2293 (1995) (no due process protections for disciplinary hearings which do not lengthen the inmate's sentence or exceed its expected parameters). Even an inmate's claim that he was improperly charged with violations he did not commit fails to state a claim upon which relief can be granted. <u>Collins v. King</u>, 743 F.2d 248 (5th Cir. 1984). Therefore, if plaintiff is challenging a conviction that resulted in a punishment other than loss of good-time credits, he cannot show that his constitutional rights to due process were violated. Accordingly, if plaintiff's claim concerns a disciplinary conviction that did not result in a loss of good time, it is recommended that the claim be dismissed with prejudice.

If, on the other hand, plaintiff did lose good-time credits as a result of the conviction, he cannot pursue a claim under § 1983 unless and until he first reverses the disciplinary conviction. A prisoner seeking restoration of good-time credits must pursue a habeas corpus action, not a federal civil rights lawsuit. <u>Prieser</u>, 411 U.S. at 500, 93 S. Ct. at 1841-42. Since any attempt to restore good-time credits necessarily challenges the plaintiff's confinement after his conditional release date, this type of claim

4

falls squarely within the traditional scope of habeas corpus, which is narrower than the scope of § 1983. <u>Id</u>. at 487, 93 S. Ct. 1835.

In order to allege a cognizable damages claim under § 1983, stemming from due process violations at the disciplinary hearing, plaintiff must prove that his disciplinary conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486, 114 S. Ct. 2364, 2372 (1994); <u>Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.</u>, 37 F.3d 166 (5th Cir. 1994); <u>Keenan v. Bennett</u>, 613 F.2d 127 (5th Cir. 1980)(loss of "good time" credit treated as claim under § 2254). Thus, plaintiff may bring an action under § 1983 only after his disciplinary conviction has already been invalidated. <u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372; <u>see also</u> <u>Johnson v. McElveen</u>, 101 F.3d 423 (5th Cir. 1996).

The Court cannot consider any claim for restoration of good time credits in this action. Accordingly, to the extent plaintiff's due process claim is for restoration of good-time credits, it is recommended that it be dismissed without prejudice. Plaintiff may refile this claim in a petition for habeas corpus under 28 U.S.C. § 2254 if he chooses.

5

Since, under either set of facts, plaintiff's claim is not cognizable under § 1983, plaintiff has failed to state a claim upon which relief can be granted.

## IV.   CONCLUSION

For the foregoing reasons it is recommended that plaintiff's action be dismissed for failure to state a claim upon which relief can be granted.  To the extent he lost good time credits, it is recommended that the claim be dismissed without prejudice to his right to file a habeas corpus challenge to the conviction.

Respectfully recommended this 3 day of March, 2000.

*Jane Cooper-Hill*
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

6

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).

7